[Civ. No. 576. Second Appellate District.—September 16, 1908.]

## THE PEOPLE, Respondent, v. JOHN LAPIQUE, Petitioner.

MANDAMUS—BILL OF EXCEPTIONS IN CRIMINAL CASE—AMENDMENTS—JURISDICTION OF TRIAL COURT.—*Mandamus* will not lie to compel the trial court to settle a particular bill of exceptions presented by the defendant in a criminal case, where amendments have been proposed thereto by the district attorney, and the time within which the trial court has jurisdiction to settle and allow a bill of exception has not elapsed, and no notice for the final settlement has been given.

PETITION for writ of mandate.

The facts are stated in the opinion of the court.

J. Lapique, Petitioner, *in pro. per.*

THE COURT.—It affirmatively appears from the petition presented herein that a bill of exceptions was presented for allowance by the defendant; that within the time allowed by law and the order of the court the district attorney presented amendments thereto; that the time within which the trial judge may settle and allow a bill of exceptions has not elapsed, and, in fact, no notice for the final settlement of a bill has been given.

The petitioner is evidently laboring under the impression that it is the duty of this court to direct the trial court as to the matters and things which should be settled in this bill and in respect of which the trial court alone has jurisdiction. It does not appear that the trial court has refused to settle any bill, but, on the contrary, has refused to settle the particular bill presented by petitioner.

This court has no jurisdiction or authority, under this statement of facts, to interfere with the settlement and allowance of the bill.

The writ is denied.